## Jacob P. Newman *v.* Polixena Early and others.

### April Term, 1878.

TRUST IN OPPOSITION TO REGISTERED TITLE — EVIDENCE. — A trust in land held by a wife for over ten years, by a registered deed, cannot be established, after her death, in favor of the husband upon the evidence of a casual conversation with the wife, she having exercised the power of disposition given to her by the deed under which she held, first by a deed duly registered, and afterwards by a will duly proved and recorded.

*Wilkin*, for defendants.

THE CHANCELLOR: — In the year 1863, the complainant intermarried with Susan Harper. On December 30, 1865, N. Hobson sold and conveyed to the wife a lot adjacent to the town of Edgefield, to her separate use and benefit, and free from the contracts and control of her said husband, " with power in her to dispose of the same, by sale, by will, by deed of gift, or in any other way, to any person or

persons she may select, which she may do without her husband joining her in such conveyance." This deed was duly acknowledged and recorded at the time. On May 30, 1868, Mrs. Newman conveyed this lot by deed of gift to her mother, for her separate use during life, subject to revert to her, the grantor, if the mother died first; but if the grantor died first, then with power in the grantee to dispose of the same by will, deed, or otherwise. This deed was duly acknowledged and registered on the same day. The mother died in 1875, before the daughter. Afterwards, on May 25, 1876, the daughter, Mrs. Newman, made a will, in which she devised all of her property, including the lot specifically, to her two sisters, Polixena Early and Martha A. Davis. Mrs. Newman died on September 5, 1876, and her will has been admitted to probate by the proper court.

Shortly thereafter, the devisees brought an action of ejectment for the lot against the surviving husband, in possession, and, on December 26, 1876, he filed this bill for relief, and to enjoin the suit at law. On motion, the injunction was dissolved, but the parties have entered into a written agreement to submit to me all questions in dispute between them in both suits, whether of law or equity.

Upon the facts as detailed above, the legal title to the lot in dispute is in the plaintiffs in the ejectment suit, the devisees of Mrs. Newman, and they are, of course, entitled to recover the property at law. The complainant cannot resist this legal right, except by showing a superior equity. The grounds upon which the bill is rested, are that the lot was purchased with the husband's money, upon the distinct understanding between husband and wife that the title should be taken to both, so that the property should, upon the death of either, vest in the survivor; that the title was taken to the wife in the mode stated, without the knowledge of the husband; and that only a portion of the deed was read over to the husband by the wife, shortly after it was taken, omitting the " portion authorizing her to will or

otherwise dispose of the lot to persons other than the complainant;" or, the bill alleges, " if she did read such portion, complainant did not understand it, and never knew that such powers were inserted in said deed until after his wife's death." There is also an allegation in the bill, that the devisees took advantage of complainant's absence and of his wife's illness to persuade her into an act of injustice to him. But, of course, this court has no power to try the question of will or no will; and the probate, as long as it stands, is conclusive.

There is a large amount of evidence in this record tending to show that the purchase-money of this lot was, in part at least, furnished by one of the devisees under Mrs. Newman's will. But even if it be true, as contended for by the complainant, that the money was all furnished by him, the deed to the wife would be good. Although the payment of the purchase-money will, ordinarily, create a resulting trust, such a trust will not arise where, from the relationship of the parties or the circumstances of the case, the intention to confer a benefit on the nominal grantee is clear. The bill admits that the intention was to confer a benefit on the wife, and a resulting trust is, therefore, out of the question. The only ground upon which the bill can be sustained is, that there was an agreement that the title should be so taken as to give the property to the husband if he survived his wife. The bill states that such an intention was disclosed by the wife to a person named, before the purchase of the lot was made. But this person, when examined, deposes only to conversations with the wife after the deed had been executed. And all that he does say is in answer to the following question: " Did you ever hear Mrs. Newman state who was to have the property at her death, in the event she died before Mr. Newman?" His answer is: " She always told me that Mr. Newman was, in that event, to have the property." It is, of course, impossible to build a trust, in the face of a written instru-

ment, upon such testimony. For it does not show that there was any positive agreement to that effect, much less that the instrument as written was not deemed adequate to carry out the intent, she being clothed with power to give the property to whom she pleased. Even if there had been an agreement as contended, and the parties chose to have the deed made in the manner it was, there would be no ground for coming into equity to alter it. *Hunt* v. *Rousmaniere*, 1 Pet. 8. But the evidence is utterly insufficient to establish the fact that there was such an agreement, and there is not a particle of proof to show that the deed was written otherwise than the parties intended. . The bill suggests, as we have seen, that the deed was read over to complainant by his wife, omitting that part relating to the unlimited disposition of the property ; or, if read, that he did not understand it. There is no proof of any misreading, and it is obvious that a conveyance to the wife without any power of disposition whatever would equally have cut off the husband. He concedes that he knew it was a deed to the wife, and it is impossible to predicate fraud in the concealment of the terms of a deed which was duly proved and publicly registered, especially as the power had been for eight years exercised by conveyance to the wife's mother, a conveyance also duly proved and registered. *Haynie* v. *Hall*, 5 Humph. 290.

The right of the devisees to recover the land at law being clear, and there being no ground for interfering with that right in equity, the defendants, the devisees, may take such a decree as they think the agreement of the parties will justify, with costs.